```
            UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF COLUMBIA
```

J. TROY MAZZION,                    )
                                    )
            Plaintiff,              )
                                    )
-v-                                 )   Civil Action No. 06-718 HHK
                                    )
UNITED STATES OF AMERICA,           )
                                    )
            Defendant.              )
_____)

### DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, defendant the United States of America, through counsel, hereby moves to dismiss the complaint because this Court lacks subject matter jurisdiction over the case, in that there is no waiver of sovereign immunity on the part of the United States that would permit this case to proceed in any of the United States District Courts.

Attached hereto is a draft order reflecting the requested relief.

                        Respectfully submitted,

                        KENNETH L. WAINSTEIN, D.C. Bar #451058
                        United States Attorney

                        RUDOLPH CONTRERAS, DC Bar #434122
                        Assistant United States Attorney
                                /s/
                        FRED E. HAYNES, DC Bar #165654
                        Assistant United States Attorney
                        555 4th Street, N.W., Room E-4110
                        Washington, D.C. 20530
                        202.514.7201

```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

J. TROY MAZZION,                    )
                                    )
          Plaintiff,                )
                                    )
-v-                                 )   Civil Action No. 06-718 HHK
                                    )
UNITED STATES OF AMERICA,           )
                                    )
          Defendant.                )
                                    )
```

### MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF THE MOTION TO DISMISS

Plaintiff, who receives disability benefits from the Department of Veterans Affairs ("VA"), appears to be challenging an alleged delay by the VA in restarting his disability benefits after he was released from jail. A similar lawsuit has been filed, 06cv719 (HHK), alleging that the Social Security Administration delayed restarting plaintiff's disability benefits after he was released from jail. A motion to dismiss has been filed in that case.

This action should be dismissed. There is no statutory basis for this Court to review a decision by the VA concerning the provision of benefits to plaintiff. This is explained by our Court of Appeals in Price v. United States of America, 228 F.3d 420 (D.C. Cir. 2000):

> As amended by the Veterans Judicial Review Act, Pub.L. No. 100-687, 102 Stat. 4105 (1988) (VJRA), the Veterans' Benefits Act of 1957, Pub.L. No. 85-56, 71 Stat. 83, precludes judicial review in Article III courts of VA decisions affecting the provision of veterans' benefits, including medical expense reimbursement. 38 U.S.C. § 511(a); see Larrabee v.

Derwinski, 968 F.2d 1497, 1499-1501 (2d Cir.1992) (detailing history of veterans' benefits legislation); see also Zimick v. West, 11 Vet.App. 45, 48 (Vet.App.1998) (term "benefit" encompasses medical expenses veteran incurred at non-VA facility) (citing 38 C.F.R. § 20.3(e)). The exclusive avenue for redress of veterans' benefits determinations is appeal to the Court of Veterans Appeals [1] and from there to the United States Court of Appeals for the Federal Circuit. See 38 U.S.C. §§ 511, 7252, 7292; In re Russell, 155 F.3d 1012 (8th Cir.1998) (per curiam); Beamon v. Brown, 125 F.3d 965, 967- 71 (6th Cir.1997); Larrabee, 968 F.2d at 1501.

The Court in Price held, in light of the governing authorities, that "the district court lacked jurisdiction to consider Price's federal claim because underlying the claim is an allegation that the VA unjustifiably denied him a veterans' benefit." Under this reasoning, the complaint in this case should be dismissed. See Thomas v. Principi, 394 F.3d 970 (D.C. Cir. 2005).

For the reasons set forth above, this case should be dismissed.

          Respectfully submitted,

          KENNETH L. WAINSTEIN, D.C. Bar #451058
          United States Attorney

          RUDOLPH CONTRERAS, DC Bar #434122
          Assistant United States Attorney

---

[1] In 1999, this court was renamed the Court of Appeals for Veterans Claims. Appeals from this court continue to lie in the Court of Appeals for the Federal Circuit.

```
                    /s/
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
202.514.7201
```

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

J. TROY MAZZION,                  )
                                  )
            Plaintiff,            )
                                  )
-v-                               )   Civil Action No. 06-718 HHK
                                  )
UNITED STATES OF AMERICA,         )
                                  )
            Defendant.            )
_____)
```

ORDER

UPON CONSIDERATION of the motion to dismiss filed by defendant and the record in this case, it is this _____ day of _____, 2006,

ORDERED that the motion is granted, and it is further

ORDERED that this case is dismissed.  This is a final, appealable order.


                              UNITED STATES DISTRICT JUDGE

Copies to the pro se plaintiff
and to counsel for defendant.

CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of July, 2006, a copy of the foregoing motion for extension of time to answer was served by first class mail, postage prepaid, on:

>J. Troy Mazzion
>c/o Clarendon Clubhouse
>3141 10th Street
>Arlington, VA 22201

>/s/
>Fred E. Haynes, D.C. Bar # 165654
>Assistant United States Attorney