```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA

J. TROY MAZZION,                )
                                )
            Plaintiff,          )
                                )
-v-                             )   Civil Action No. 06-718 HHK
                                )
UNITED STATES OF AMERICA,       )
                                )
            Defendant.          )
_____)
```

## RESPONSE TO PLAINTIFF'S RECENT FILINGS

Defendant has received recently from the Court a series of filings by plaintiff. Document number 10 in the docket, filed August 21, 2006, contains a document captioned "Supplemental Motion To Strike" and one captioned "Motion For Relief From Judgment." There was also electronically filed as docket number 8, on August 14, 2006, a document captioned "Motion To Strike For Stay And Affidavit." To the extent that a common theme can be discerned from these filings it is that plaintiff has a claim against the Social Security Administration that sounds in tort. The Social Security Act, however, explicitly bars claims against the Social Security Administration under the Federal Tort Claims Act:

> No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h)(It should be noted that 28 U.S.C. § 1346 is the statute that confers district court jurisdiction over tort

claims against the federal government).

The basis for plaintiff's claim against the federal government appears to concern an alleged delay in the re-activation of his disability benefits after he was released from jail. While in jail or prison, individuals are not entitled to social security benefits. Even if there was a delay, as alleged by plaintiff, this is not a basis for a tort claim, giving the express language of the statute in excluding social security matters from the Federal Tort Claims Act.

For the foregoing reasons, the supplemental motion to strike should be denied.

                Respectfully submitted,

                KENNETH L. WAINSTEIN, D.C. Bar #451058
                United States Attorney
                        /s/
                FRED E. HAYNES, DC Bar #165654
                Assistant United States Attorney
                555 4th Street, N.W., Room E-4110
                Washington, D.C. 20530
                202.514.7201

```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
```

J. TROY MAZZION,                )
                                )
            Plaintiff,           )
                                )
-v-                             )   Civil Action No. 06-718 HHK
                                )
UNITED STATES OF AMERICA,       )
                                )
            Defendant.           )
_____)

## ORDER

UPON CONSIDERATION of the response by defendant to plaintiff's supplemental motion to strike and the record in this case, it is this _____ day of _____, 2006,

ORDERED that the supplemental motion to strike is denied.

                              UNITED STATES DISTRICT JUDGE

Copies to the pro se plaintiff
and to counsel for defendant.

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of September, 2006, a copy of the foregoing response to plaintiff's recent filings was served by first-class mail, postage prepaid, on:

>J. Troy Mazzion
>c/o Preble St., Rec. Cntr
>P.O. Box 1459
>Portland, ME 04104

>/s/
>Fred E. Haynes, D.C. Bar # 165654
>Assistant United States Attorney